The STATE of Ohio, Appellee,

v.

GASSER, Appellant.■

[Cite as *State v. Gasser* (1993), 89 Ohio App.3d 544.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005363.

Decided May 26, 1993.

*Gregory A. White,* Lorain County Prosecuting Attorney, for appellee.

*Robert Dixon* and *Steve P. Stanos,* for appellant.

QUILLIN, Presiding Judge.

Appellant, Cham Pun Gasser, appeals from her conviction of two counts of promoting prostitution, R.C. 2907.22(A)(1) and (2), and one count of engaging in a pattern of corrupt activity, R.C. 2923.32(A)(1). We affirm.

Gasser was the owner of Shang Hai Health Spa ("Shang Hai"), which was advertised as a massage parlor. However, according to the testimony of one employee and numerous patrons, most patrons received sexual services as well as a massage. The typical patron arrived at the Shang Hai and paid $40 for a massage. The patron was escorted to another area where, prior to the massage, he was showered by a female attendant dressed in a bathing suit. After the massage, the attendant would offer to perform sexual services for an additional fee, which varied according to the type of sexual service. The attendant almost always used a condom, which was provided by the Shang Hai.

Gasser received half of all fees charged, both for massages and sexual services. To protect her share of the proceeds, Gasser required the attendants, Myong Suk Neeley and Yong Ran Myers, to keep accurate records of all fees they received. Gasser told them to omit the last zero from the fees received for sexual services when entering the dollar figures on the books, so that these high fees, often over $100, would not raise suspicion. However, because many patrons paid for these services with credit cards, the true dollar figures as well as the identities of many patrons eventually became apparent to authorities.

Gasser was indicted on one count of engaging in a pattern of corrupt activity and two counts of promoting prostitution. She was tried along with co-defendant Myers, who had been indicted on similar charges. Gasser was convicted of all charges.

Gasser appeals and raises four assignments of error. We will address the assigned errors out of order to facilitate discussion.

### Assignment of Error IV

"The lower court erred by failing to properly and completely charge the jury on an essential element of the offense of engaging in a pattern of corrupt activity. Such failure constituted plain error."

Gasser argues that the trial court erroneously instructed the jury as to what constituted "corrupt activity."

"Corrupt activity" is defined in R.C. 2923.31(I)(2)(b) as:

" * * * engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in any of the following:

" * * *

"Any violation of section * * * 2907.22 * * * of the Revised Code when the proceeds of the violation * * * exceeds five hundred dollars, or any combination of violations of those sections when the total proceeds of the combination of violations * * * exceeds five hundred dollars * * *."

Gasser contends that the trial court failed to explain that the proceeds of the violation or combination of violations must exceed $500. We disagree.

The trial court instructed the jury, in pertinent part:

"A violation under Revised Code Section 2907.22 for promoting prostitution, as described above, is, as a matter of law, a violation which constitutes corrupt activity, if

"A) When the proceeds of the violation of law, or the payments made in the violation exceeds Five Hundred Dollars ($500.00); or

"B) any combination of violations of law, when the total proceeds of the combination of violations, or the payments made in the combination of violations, exceeds Five Hundred Dollars ($500.00)."

The fourth assignment of error is overruled.

### Assignment of Error I

"The lower court erred in overruling the appellant's motion for judgment of acquittal pursuant to Criminal Rule 29 on the charge of engaging in a pattern of corrupt activity pursuant to R.C. 2923.32(A)(1), as the state failed to present evidence of guilt as to all essential elements of the offense."

Gasser assigns error to her conviction of engaging in a pattern of corrupt activity. R.C. 2923.32(A)(1) provides:

"No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *."

As explained in our discussion of Assignment of Error IV, "corrupt activity" can consist of a violation of R.C. 2907.22 when the proceeds of the violation or a combination of violations exceed $500. R.C. 2923.31(I)(2)(b).

A "pattern of corrupt activity" is defined in R.C. 2923.31(E) as:

" * * * two or more incidents of corrupt activity * * * that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event."

Gasser's alleged pattern of corrupt activity consisted of repeated violations of R.C. 2907.22(A)(1) and (2). R.C. 2907.22 provides in pertinent part:

"(A) No person shall knowingly:

"(1) Establish, maintain, operate, manage, supervise, control, or have an interest in a brothel;

"(2) Supervise, manage, or control the activities of a prostitute in engaging in sexual activity for hire * * *."

Gasser contends that the trial court erroneously denied her motion for judgment of acquittal. However, a motion for judgment of acquittal under Crim.R. 29 is properly denied "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

Gasser focuses her argument on the lack of evidence that she directly participated in the acts of prostitution. According to Gasser, because none of the patrons identified her and because she was not present at the Shang Hai, there was *no proof of repeated incidents* in which she actively promoted prostitution. We disagree.

Myong Suk Neeley, one of the attendants at the Shang Hai, testified that she had been hired by Gasser, the owner of the Shang Hai. Gasser knew that

both Neeley and Myers provided patrons with sexual services in addition to massages. Gasser supplied Neeley and Myers with condoms, and took half of the proceeds every time sexual services were performed. In fact, especially when she was away from the Shang Hai, Gasser required Neeley and Myers to keep accurate records of the fees they received, so that Gasser would not be cheated out of her share of the proceeds. As Neeley explained, "Nobody take her [Gasser's] money. We can't."

Neeley's testimony demonstrated numerous ways in which Gasser supervised, managed, and controlled both the activities of these prostitutes and her interest in a brothel.

Reasonable minds could conclude that these events were not so closely related that they constituted a single incident, but instead were repeated incidents so related that they constituted a pattern of corrupt activity.

Gasser further contends that there was no proof that her proceeds from the corrupt activity exceeded $500. However, there was overwhelming evidence that Gasser's proceeds from prostitution amounted to thousands of dollars. The first assignment of error is overruled.

### Assignment of Error II

"The appellant was denied due process and equal protection of law when the court at sentencing failed to consider the factors set forth in R.C. 2929.12."

■ Gasser contends that "it appears in the record" that the trial court imposed sentence without considering the sentencing criteria set forth in R.C. 2929.12(C). However, the record is silent on this issue, and a silent record raises the presumption that the trial court considered the sentencing factors contained in R.C. 2929.12. *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus. The defendant bears the burden of coming forward with evidence to rebut this presumption. *State v. Cyrus* (1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95. Gasser has failed to produce any evidence to suggest that the trial court failed to follow the statutory sentencing criteria.

■ Gasser further argues that the trial court erred by failing to order a presentence investigation and report. Crim.R. 32.2 requires a trial court to order a presentence investigation and report in felony cases "before granting proba- tion." The court need not order a presentence report when probation is not granted. *Cyrus, supra,* at syllabus. As probation was not granted in this case, no presentence report was required. The second assignment of error is over- ruled.

### Assignment of Error III

"The appellant was denied due process and equal protection of law and her rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution due to ineffective assistance of trial counsel."

In *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, the United States Supreme Court set forth a two-part standard for determining when a conviction must be reversed upon a claim of ineffective assistance of counsel:

" * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." See, also, *State v. Seiber* (1990), 56 Ohio St.3d 4, 11, 564 N.E.2d 408, 417.

Gasser contends that her counsel committed error by failing to timely file a motion for a bill of particulars, a notice of alibi and a motion for severance of Gasser's trial. Gasser does not even explain how the motion for a bill of particulars or notice of alibi could have helped her defense, much less how she suffered any prejudice by counsel's failure to timely file these motions.

As to the motion for severance, Gasser merely argues that because co-defendant Myers's defense was "very inconsistent" with Gasser's defense, these two defendants should have been tried separately. Gasser fails to demonstrate how Myers's defense was inconsistent, or how such inconsistency hampered Gasser's defense in any way.

Gasser further contends that defense counsel committed error by failing to object to the trial court's jury instruction on "corrupt activity." However, we found no merit in Gasser's contention that this jury instruction was incomplete (see Assignment of Error IV). Therefore, Gasser has failed to demonstrate ineffective assistance of counsel. The third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and DICKINSON, JJ., concur.