**The STATE of Ohio, Appellee,**

**v.**

**GRIMM et al., Appellants.  [Two Cases.]**

[Cite as *State v. Grimm* (1995), 102 Ohio App.3d 356.]

Court of Appeals of Ohio,
Second District, Miami County.

Nos. 93 CA 57, 93 CA 58.

Decided March 31, 1995.

*Jeffrey Welbaum,* Miami County Prosecuting Attorney, for appellee.

*John E. Hemm,* Miami County Public Defender, for appellants.

WOLFF, Judge.

Randy and Pamela Grimm, husband and wife, were found guilty by the Miami County Court of Common Pleas of grand theft and engaging in a pattern of corrupt activity. The Grimms appeal their convictions for engaging in a pattern of corrupt activity.

The state's evidence established the following scenario. (The Grimms did not present a defense.)

Between approximately July 15 and July 25, 1993, the Grimms stole roughly $80,000 worth of bronze cemetery ornaments, including urns, vases, military markers, and a statue. The evidence presented at trial indicated that items were taken from at least nine cemeteries on ten occasions. Four of the thefts occurred in Miami County, and the others took place in Montgomery County, Darke County, Auglaize County, Warren County, and Richmond, Indiana. The Grimms sold the stolen ornaments for scrap to different salvage yards in and around Dayton. Randy Grimm confessed to these thefts on July 29, 1993, and Pamela Grimm admitted her involvement shortly thereafter.

The Grimms eventually pled no contest to the charge of grand theft and stood on their pleas of not guilty to the charges of engaging in a pattern of corrupt activity. A bench trial was held on the charges of engaging in a pattern of corrupt activity, and the court found the Grimms guilty. The Grimms were sentenced to one year for the grand theft convictions, to be served consecutively with any sentences imposed in other counties, and four to twenty-five years on the engaging in a pattern of corrupt activity convictions.

The Grimms assert one assignment of error on appeal:

"Appellants' conviction for engaging in corrupt activity in violation of O.R.C. 2923.32(A)(1) was not supported by the evidence as required by O.R.C. 2932.31(E)."

The Grimms argue that insufficient evidence was presented in support of their convictions. Specifically, they allege that the state failed to establish that a pattern of corrupt activity took place.

The Grimms were charged with a violation of R.C. 2923.32(A)(1), which states:

"No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."

A "pattern of corrupt activity" is present, according to R.C. 2923.31(E), when there are:

"[T]wo or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event."

R.C. 2923.31(E) further requires that at least one of the incidents forming the pattern constitutes a felony and that the incidents not be more than six years apart.

"Enterprise," as used in the statute, includes a legal entity, such as an individual or a partnership, and a "group of persons associated in fact although not a legal entity. 'Enterprise' includes illicit as well as licit enterprises." R.C. 2923.31(C).

"Corrupt activity," defined at R.C. 2923.31(I), includes:

"[E]ngaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in any of the following: * * *

"(2)(b) Any violation of section * * * 2913.02 [theft] * * * of the Revised Code when the proceeds of the violation, the payments made in the violation, * * * or the value of the contraband or other property illegally possessed, sold, or purchased in the violation exceeds five hundred dollars * * *."

■ Where an appellant asserts that the judgment is not supported by the manifest weight of the evidence, the relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

■ The evidence presented at trial sufficiently established the elements of the statute prohibiting engaging in a pattern of corrupt activity. First, the evidence confirmed at least ten specific incidents of corrupt activity, *i.e.*, thefts of property with a value exceeding $500. All of these thefts constitute felonies. See R.C. 2913.02(B).

Second, the state showed that the incidents of corrupt activity were related to the affairs of the same enterprise. The Grimms do not dispute that they were associated together in the endeavor of stealing bronze cemetery ornamentation to sell for a profit, *i.e.*, an enterprise. An enterprise may certainly be comprised of only two individuals, particularly given that the statute includes one individual within the scope of an enterprise.

Third, the evidence presented at trial indicated that the incidents of corrupt activity were not isolated. The aggregate of the cemetery officials' testimony showed that, on average, the Grimms committed a theft every day for ten days.

Finally, the incidents were not so closely related to each other and connected in time and place that they constituted a single event. The thefts in this case spanned approximately ten days, nine locations, six counties, and two states. Another appellate district found a pattern of corrupt activity existed where the individuals committed three store thefts, in three different Ohio towns, over a period of two days. *State v. Royce* (Dec. 27, 1993), Madison App. Nos. CA92–09–023, CA92–09–024, CA92–09–025 and CA92–09–026, unreported. "Reasonable minds could conclude that these events were not so closely related that they constituted a single incident, but instead were repeated incidents so related that they constituted a pattern of corrupt activity." *State v. Gasser* (1993), 89 Ohio App.3d 544, 626 N.E.2d 127.

The Grimms make a policy argument in their briefs that the statute in question was not meant to apply in a case such as this one. While we recognize that the statute may have been enacted to address activities more readily associated with "organized crime," our review must focus on whether the elements of the statute have been satisfied by the evidence presented. Because we find that the elements of R.C. 2923.32(A)(1) are supported by sufficient evidence, the assignment of error is overruled.

The judgments of the trial court will be affirmed.

*Judgments affirmed.*

BROGAN, P.J., and FAIN, J., concur.