DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Willard S. McCarley appeals from his conviction in the Summit County Court of Common Pleas for possession of a dangerous ordnance with a prior offense of violence specification, in violation of R.C. 2923.17. We affirm.
 I.
On the evening of December 13, 1995, appellant Willard McCarley spent several hours on the telephone with Lori Gilbert. Earlier that day, Gilbert had broken her engagement to McCarley and moved out of his home. Throughout the course of their conversation that evening, McCarley became increasingly distraught. At approximately 11 p.m., McCarley told Gilbert that he no longer wanted to live. Gilbert knew McCarley was a gun collector and she could hear McCarley spinning the chamber of a gun as he spoke with her. Gilbert then heard a shot fired at the other end of the telephone line. She screamed McCarley's name into the phone, but received no response. Gilbert put her father on the line and he called out to McCarley, but he also received no response. Afraid McCarley had committed suicide, Gilbert called 911.
Deputies Eric Shane and Victor Basil of the Summit County Sheriff's Department answered the dispatch and drove to McCarley's home in Northfield Center. When they arrived at the residence, the deputies looked through the window and observed McCarley lying on the living room floor. They pounded on the door and McCarley got up to answer the door. When McCarley opened the door, Deputy Shane noticed McCarley's eyes were glassy and detected a strong odor of alcohol on McCarley. McCarley became upset when the deputies informed him they needed to enter his home to investigate the gunshot report. During their conversation in the entryway, McCarley produced two speed loaders, devices used for reloading revolvers, and gave them to the deputies.
The deputies entered the home and conducted a search. They informed McCarley that, for his own safety, they intended to remove all firearms from the home. The deputies confiscated a number of firearms from the home, including a sawed-off shotgun. Upon examination of the sawed-off shotgun, Detective Pat Mulhearn of the Summit County Sheriff's office determined the length of the gun was shorter than allowed by Ohio law.
As a result of the search, McCarley was later indicted on one count of possession of criminal tools in violation of R.C. 2923.24
and one count of possession of a dangerous ordnance in violation of R.C. 2923.17. Each of the counts carried a prior offense of violence specification. The State dismissed the criminal tools count before trial. The case proceeded to trial before a jury on December 9, 1996. The jury found McCarley guilty of possession of a dangerous ordnance with a prior offense of violence specification and the trial court sentenced him to three to five years incarceration. The trial court then suspended the sentence and placed McCarley on three years probation. McCarley timely appealed the trial court's decision.
 II.
McCarley presents three assignments of error for our review. We afford each separate consideration.
 A. The trial court erred in not granting the defendant anew trial based on the evidence and prosecutorial misconduct.
McCarley claims the trial court erred in denying his motion for a new trial. We disagree.
A trial court's ruling on a motion for a new trial will not be disturbed absent an abuse of discretion. State v. Haddix
(1994), 93 Ohio App.3d 470, 480. An abuse of discretion means more than an error of law or judgment; it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freemanv. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552. Instead, a reviewing court must be guided by a presumption that the trial court was correct. State v. Coppock (1995), 103 Ohio App.3d 405,411.
Pursuant to Crim.R. 33(A)(2), a new trial may be granted upon a showing of prosecutorial misconduct. However, prosecutorial misconduct is not grounds for error unless the defendant can show the alleged conduct denied him the right to a fair trial. Statev. Lott (1990), 51 Ohio St.3d 160, 165-167. In support of his first assignment of error, McCarley alleges several instances of prosecutorial misconduct in his trial.
First, McCarley claims the prosecutor improperly allowed both Deputy Shane and Detective Mulhearn to testify as to the length of the barrel of the shotgun when a police report existed stating a different length for the barrel. We reject this contention because McCarley had access to the police report and could have questioned the officers regarding the report on cross-examination. Furthermore, we note the defense had several witnesses measure the actual shotgun while on the stand. As such, we believe McCarley was provided ample opportunity to attempt to discredit any gun measurements provided by state witnesses.
McCarley next argues the prosecutor improperly cross-examined a defense character witness as to McCarley's hobby of constructing pipe bombs. However, McCarley moved the trial court for a mistrial after the pipe bomb question was put to the witness. McCarley then withdrew his motion for a mistrial. Even though McCarley withdrew his motion, the trial court issued a curative instruction to the jury regarding the question. In light of the curative instruction, we find the question cannot be said to have violated McCarley's right to a fair trial. McCarley also argues the prosecutor improperly questioned the sheriff's detective regarding the use of sawed-off shotguns by criminals. Our review of the record indicates McCarley failed to present this argument in his motion for a new trial. As such, he may not assert on appeal that the trial court erred in denying the motion for new trial on this ground.
Finally, McCarley maintains the prosecutor improperly wheeled "a shopping cart full of legal guns" into the courtroom during the trial. However, nothing in the record indicates such a shopping cart was ever present in the courtroom. More importantly, nowhere in the record is it indicated the jury ever observed such a shopping cart. Thus, even if such a cart did exist, McCarley fails to establish he suffered any prejudice thereby.
In light of the foregoing, we cannot find the trial court abused its discretion in denying McCarley's motion for a new trial. Therefore, his first assignment of error is overruled.
 B. The trial court erred in not granting defendant anacquittal since the evidence showed that he was not guilty ofthe charge of violating RC 2923.17 (sic) as defined inRC 2923.11 (sic).
McCarley claims the trial court erred in denying his motion for acquittal. This assignment of error lacks merit.
Crim.R. 29(A) provides "[t]he court * * * shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." In reviewing the denial of a motion for acquittal, this court must construe the evidence in a light most favorable to the State. State v. Messer
(1995), 107 Ohio App.3d 51, 54. A motion for judgment of acquittal is properly denied where "the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Gasser (1993), 89 Ohio App.3d 544,547, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
R.C. 2923.17(A) states that "[n]o person shall knowingly acquire, have, carry or use any dangerous ordnance." A sawed-off firearm constitutes a dangerous ordnance. R.C. 2923.11(K)(1). A sawed-off firearm is defined as "a shotgun with a barrel less than eighteen inches long, or a rifle with a barrel less than sixteen inches long, or a shotgun or rifle less than twenty-six inches long overall." R.C. 2923.11(F). For the purposes of the statute, a firearm is "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant." R.C. 2923.11(B)(1).
Review of the record indicates the State presented evidence that McCarley possessed a shotgun less than twenty-six inches long, with a barrel less than sixteen inches long. However, McCarley argues the State failed to establish the shotgun was operable. The State presented the testimony of Lori Gilbert, who said she had observed McCarley fire the shotgun. The State also offered the testimony of the Detective Mulhearn who stated the gun was successfully test fired at the Akron Police Department. The State's gun expert further testified the gun appeared to be in working order. Viewing this evidence in the light most favorable to the State, we find reasonable minds could conclude the gun at issue was operable for the purposes of the definition of a firearm contained in R.C. 2923.11(B)(1).
Accordingly, McCarley's second assignment of error is overruled.
 C. The trial court erred in failing to suppress the shotgunas the search which found it was unreasonale. (sic)
McCarley maintains the trial court erred in denying his motion to suppress the shotgun at issue in this case because "[t]he warrantless search which discovered the gun in an upstairs closet was unreasonable." To properly review McCarley's assignment of error, this court must consider the evidence presented at the hearing wherein he argued his motion to suppress the shotgun. See State v. DeArmitt (Jan. 15, 1997), Wayne App. No. 96CA0021, unreported at 8. McCarley bore the responsibility to file a transcript of the suppression hearing for this court's review. See Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,314. Nevertheless, McCarley failed to file a transcript of the hearing. In the absence of a transcript of the suppression hearing, we have no choice but to presume regularity in the trial court's proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Accordingly, McCarley's third assignment of error is overruled.
 III.
McCarley's three assignments of error are overruled. His conviction of possession of a dangerous ordnance pursuant to R.C.2923.17 is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
BAIRD, P. J.
MILLIGAN, J. CONCUR.
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)