DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Ronald E. McCormick appeals from his convictions for assault and intimidation in the Lorain County Court of Common Pleas. We affirm.
 I.
On April 9, 1996, appellant Ronald E. McCormick, an inmate in the Lorain Correctional Institution, waited in line outside the prison dining hall. As he stood in line, he yelled out to another inmate across the yard. Prison rules prohibit such behavior and two corrections officers reprimanded McCormick for yelling. A third corrections officer, C.O. Chris Adams, walked past McCormick and McCormick stated, "You curly headed punk, if you didn't have that badge on, you couldn't make me shut up." C.O. Adams then ordered McCormick to step out of the line. He escorted McCormick into the kitchen area of the dining hall and ordered McCormick to place his hands on the wall. At this point, two roving corrections officers, C.O. Pat Mariano and C.O. Ken Sample, arrived to assist C.O. Adams. C.O. Adams asked the officers to handcuff McCormick and escort him to segregation (a form of solitary confinement). At the suggestion of segregation, McCormick became angry and combative. A struggle ensued, during which McCormick screamed at the officers and threatened their lives.
After C.O. Sample and C.O. Mariano gained control of McCormick, Lieutenant Gregory Robinson instructed them to convey McCormick to the infirmary for examination. As the officers escorted McCormick, McCormick repeatedly spit upon them and kicked at them. At the infirmary, the officers ordered McCormick to place his hands against the wall. McCormick again instigated a struggle. When C.O. Sample attempted to subdue him, McCormick bit down on C.O. Sample's fingers. McCormick refused to release C.O. Sample's hand and both men fell to the floor. McCormick released C.O. Sample's fingers only after Lieutenant Robinson sprayed him with pepper spray. Two of C.O. Sample's fingers were punctured during the struggle and one of his fingernails later fell off. He received treatment at Elyria Memorial Hospital. C.O. Mariano escorted McCormick to segregation, where McCormick looked at him and stated, "I'll remember you, I wouldn't forget you, I'm going to get you, you're mine."
On June 12, 1996, the Lorain County Grand Jury indicted McCormick on one count of assault, in violation of R.C.2903.13(A), and two counts of intimidation, in violation of R.C.2921.03(A), as a result of the above incidents. The case proceeded to a jury trial on March 17, 1997. The jury returned a guilty verdict on the assault count and one of the intimidation counts. The trial court then sentenced McCormick appropriately. This appeal timely followed.
 II.
McCormick asserts two assignments of error for our review. We afford each separate consideration.
 A. Ronald E. McCormick's right to due process of law, asguaranteed by the Fourth, Fifth and Fourteenth Amendments tothe U.S. Constitution and Article I Sections 10 and 16 [sic]of the Ohio Constitution, was denied when he was convicted ofand sentenced for the crimes of: assault and intimidation onevidence which was against the manifest weight of theevidence.
In his first assignment of error, McCormick maintains his convictions for assault and intimidation were against the manifest weight of the evidence. The assignment of error lacks merit.
"Weight of the evidence concerns the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." (Emphasissic.) State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In determining whether McCormick's convictions were against the manifest weight of the evidence, this court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
After reviewing the record and weighing the evidence, we find the greater amount of credible evidence presented supports the jury's verdict. The record includes the testimony of C.O. Adams, C.O. Sample, C.O. Mariano, Lieutenant Robinson and Trooper James Wernecke. Review of their testimony reveals the greater amount of evidence supports a finding McCormick was guilty of the crimes of assault and intimidation. As such, we cannot hold the jury lost its way and created a manifest miscarriage of justice. We conclude this case does not present the extraordinary circumstance wherein a criminal conviction will be reversed based upon the manifest weight of the evidence. See State v. Martin (1983),20 Ohio App.3d 172, 175.
Accordingly, McCormick's first assignment of error is overruled.
 B. Ronald E. McCormick's right to due process of law, asguaranteed by the Fourth, Fifth and Fourteenth Amendments tothe U.S. Constitution and Article I Sections 10 and 16 [sic]of the Ohio Constitution, was denied when the trial courtdenied appellant's Criminal Rule 29 motion for acquittal onevidence which was insufficient as a matter of law.
McCormick's second assignment of error alleges the trial court improperly denied his motion for acquittal because the jury's verdict was based upon insufficient evidence. The second assignment of error is not well taken.
Crim.R. 29(A) provides "[t]he court * * * shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." In reviewing the denial of a motion for acquittal, this court must construe the evidence in a light most favorable to the state. State v. Messer
(1995), 107 Ohio App.3d 51, 54. A motion for judgment of acquittal is properly denied "`if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.'" State v. Gasser (1993), 89 Ohio App.3d 544,547, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
R.C. 2903.13(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another." McCormick maintains he did not knowingly cause physical harm to C.O. Samples. A person acts knowingly when "he is aware that his conduct will probably cause a certain result[.]" R.C. 2901.22(B). Physical harm is defined as "any injury * * * regardless of its gravity or duration." R.C. 2901.01(C). C.O. Sample testified McCormick bit down on his hand and, as a result, two of his fingers were punctured. This testimony was corroborated by C.O. Mariano and Lieutenant Robinson. C.O. Sample clearly suffered physical harm as a result of the bite. We believe reasonable minds could conclude McCormick was aware that, by biting down on C.O. Sample's fingers for approximately half a minute, he would cause injury to C.O. Sample.
R.C. 2921.03(A) states that "[n]o person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder a public servant, party official, or witness in the discharge of his duty." McCormick concedes corrections officers qualify as public servants under the statute. McCormick argues that he was "simply resisting" restraint by the corrections officers and the State presented no evidence of intimidation. However, the record is replete with testimony that McCormick threatened, numerous times, to kill the corrections officers involved in the incident. Upon review of the record, we find reasonable minds could conclude McCormick knowingly and by threat of unlawful force, attempted to intimidate the corrections officers.
In light of the foregoing, we find the trial court properly denied McCormick's motion for acquittal on both counts. McCormick's second assignment of error is overruled.
 III.
Both of McCormick's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
QUILLIN, P. J.
BAIRD, J., CONCUR