This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Aaron Cord, appeals from the decision of the Municipal Court of Akron that he violated Akron City Code 72.24(B), failure to make a proper right hand turn. We affirm.
 I.
On August 13, 1999, Aaron Cord ("Cord") was involved in a two-car accident. At approximately 3:15 in the afternoon, Cord was driving his S-10 Chevy truck to his house located at 570 Brown Street, Akron, Ohio. Cord was heading southbound on Brown Street approaching the intersection of Brown Street and Thorton Street. Traveling southbound on Brown Street, Cord's house is located on the right side of the street. There is one southbound lane on Brown Street up to Cord's driveway however, directly after Cord's driveway, the southbound side of Brown Street widens into two lanes creating a left turn lane for the Thorton Street intersection.
Cord moved to the left before turning right into his driveway. As Cord turned into his driveway he collided with Keith Clark ("Clark"). Clark was driving a full size Chevy truck. Clark was passing on the right side of Cord. Officer William Scott Forester ("Officer Forester") of the Akron Police cited Cord for making a right turn from the wrong lane a violation of Akron City Code 72.24(B).
Cord pleaded not guilty to the traffic offense. On October 5, 1999, Magistrate Barbara Vassel heard the case. The prosecution presented three witnesses including Clark, Officer Forester and Officer James Lambert ("Officer Lambert"). Cord testified in his own defense.
On October 19, 1999, Magistrate Vassel found Cord guilty and fined him $75.00 plus court costs.[1] Cord's attorney requested findings of fact and conclusions of law on November 1, 1999. On January 4, 2000, he complained that he had not received the findings of fact and conclusions of law. On January 10, 2000, Cord filed an objection to the magistrate's decision and moved for a new trial. On February 11, 2000, Judge Holcomb journalized the trial court's decision and denied Cord's objections to the magistrate's decision.
Cord's initial appeal to this court was dismissed without prejudice for lack of a final appealable order on March 30, 2000.[2] Cord timely filed the current appeal with this court.
 II.
Cord raises four assignments of error.[3] We will discuss the assignments of error out of order.
Assignment of Error No. 3:
 THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Akron City Code 72.24(B) states:
 [t]he driver of a vehicle intending to turn into a private road or driveway, alley, or building from a public street or highway shall be governed by the following rules: (1) Approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.
Clark testified that he was following about 3 to 5 car lengths behind Cord and traveling at approximately 20 to 25 mph. While following Cord, he noticed that Cord slowed down, speeded up and then moved left of center "like he was going to get in the left turn lane to turn on Thorton [Street]." Clark stated that there was sufficient room for his full size truck to pass on the right side of Cord's truck. He approximated the distance between the center-line and the right curb as fifteen feet and the distance across the top of his hood as eight feet. He described the damage to his truck as located on the driver's side bumper and hood, "[t]he hood from the pole and the front bumper from colliding with [Cord's] truck."
Officer Lambert, a thirteen-year veteran of the Traffic division of the Akron Police Department, responded to the scene of the accident. Officer Forester was the first officer to the scene of the accident, however, he called for assistance from the traffic unit. Officer Lambert testified that there were skid marks from Clark's truck showing the truck ran off the road into a telephone pole located just beyond Cord's driveway. Based on these tire marks, Officer Lambert concluded "that Mr. Clark's car was going up the far right hand side. And where the collision would have occurred would have been just before the driveway. It would be about 12 feet back."
Officer Lambert testified that the accident damaged Clark's left front bumper and the middle of the truck's hood. Officer Lambert stated the damage to the left side of Clark's truck, instead of the back end of the truck, showed that Cord was turning. Cord's turn caused Clark to go off the road, slide across the driveway and run into the telephone pole.
At trial, Cord testified that Clark was "on my bumper the entire way down the street" and not 3 to 4 car lengths behind his truck. Cord also testified that ninety percent of the damage to his truck was located primarily on the right front corner of his truck. After the initial collision the vehicles "bumped together, and scratched up the paint" on his truck.
Cord argues that the testimony of Officer Forester established that Cord's right turn was made "as close as practicable to the right-hand curb." Officer Forester testified:
 Q: Again, do you think the defendant could have made a proper right hand turn without going to the left side of the road?
 A: I understand it's an extremely narrow driveway. You almost have to go to the left before you can make it in, especially for a truck. It's an awfully narrow driveway.
* * *
 Q: I want to make sure your testimony is clear. Did you say that the defendant would have had to pull to the center of the road to make a right hand turn into his driveway?
 A: It's an extremely narrow driveway there. To be able to get the right angle on, he almost would have to go out a little bit to the left to come back into the drive.
 Q: When you say a little bit, could you describe to the court what a little bit is to you? If you were turning into that driveway?
A: I'd probably go left of center, to make that hard turn.
Officer Forester agreed with Cord that the driveway is narrow and the right turn is hard to make. Cord's attorney characterized Officer Forester's testimony as evidence that Cord made the turn "legally and properly by going to the left."
Cord asserts that his testimony contradicted Clark's testimony as to the distance Clark was traveling behind him. Cord essentially argues that the magistrate should have found Officer Forester's testimony corroborated Cord's action of moving to the left before attempting the sharp right hand turn into his driveway.
The magistrate, as the trier of fact, determines the credibility of the witnesses and the weight to be given to their testimony. State v. Bard
(Apr. 16, 1997), Summit App. No. 17931, unreported, at 7, citing, Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The magistrate apparently took into consideration Officer Lambert's thirteen years of experience of evaluating accidents for the traffic division and found his testimony more credible than the other evidence presented at trial. After reviewing the evidence we cannot conclude that the trier of fact lost its way or created a manifest miscarriage of justice.
The third assignment of error is overruled.
 III.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S MOTION FOR DISMISSAL UNDER CRIMINAL RULE 29.
Cord argues the trial court should have granted his Crim.R. 29 motion. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." In reviewing the denial of a motion for acquittal, this court must construe the evidence in a light most favorable to the state. State v. Messer (1995), 107 Ohio App.3d 51,54. A motion for judgment of acquittal is properly denied "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Gasser (1993), 89 Ohio App.3d 544, 547, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
Having already found the conviction was supported by the manifest weight of the evidence we find that there was sufficient evidence that Cord did not make the right hand turn as close as practicable to the right-hand curb or edge of the roadway. The trial court did not err by denying Cord's motion for acquittal. The first assignment of error is overruled.
 IV.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT ALLOWED EVIDENCE OF OTHER CRIMES TO BE ADMITTED INTO EVIDENCE AND TO BE CONSIDERED BY THE TRIER OF FACT IN CONSIDERING THE GUILT AS TO THE CRIME CHARGED.
The magistrate permitted the City to introduce into evidence testimony that Cord did not use his turn signal before turning into his driveway. Cord objected to the testimony. Cord argues that inclusion of this testimony violated Evid.R. 404, which provides that evidence of other crimes is not admissible to show character or that a person acted in conformity with that character. Evid.R. 404(B). Even if relevant, Cord continues, this evidence's probative value was substantially outweighed by the danger of unfair prejudice, and its inclusion over his objection therefore violated Evid.R. 403. He argues that the magistrate used the testimony to conclude that Cord's failure to use his right turn signal was a factor that contributed to his violation of Section 72.24(B).
"The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. A reviewing court should not reject the trial court's exercise of this discretion unless: (1) it has clearly been abused, and (2) the defendant has suffered material prejudice as a result. State v. Long (1978), 53 Ohio St.2d 91, 98
The general rule is that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Evid.R. 404(B). The testimony to which Cord objects in his brief is unrelated to the violation of section 72.24(B). Officer Forester only cited Cord for a violation of section 72.24(B) and failure to signal is not an element of section 72.24(B).
Assuming, arguendo, that the magistrate erred in admitting the turn signal testimony any such error would have been harmless. "Where evidence has been improperly admitted * * *, the admission is harmless `beyond a reasonable doubt' if the remaining evidence alone comprises `overwhelming' proof of defendant's guilt." State v. Williams (1983),6 Ohio St.3d 281, 290, certiorari denied (1983), 464 U.S. 1020,78 L.Ed.2d 727, citing Harrington v. California (1969), 395 U.S. 250, 254,23 L.Ed.2d 284, 287. As discussed above, there was evidence that Cord turned into his driveway from the left. Furthermore, the evidence established that there was sufficient room for a full size Chevy truck between Cord's truck and the right curb and therefore Cord was not as close as practicable to the right curb. Cord's second assignment of error is overruled.
 V.
Assignment of Error No. 4:
 AKRON CODIFIED ORDINANCE IS UNCONSTITUTIONAL AS APPLIED TO THE DEFENDANT IN THIS CASE BASED ON THE LAW NOT PROVIDING THE DEFENDANT NOTICE THAT HIS CONDUCT WAS CRIMINAL IN NATURE.
Cord challenges the constitutionality of Akron City Code 74.24(B), the ordinance under which he was charged. The Supreme Court of Ohio has held that whenever possible, validly enacted legislation must be construed in a way that avoids serious questions as to its constitutionality. Akronv. Rowland (1993), 67 Ohio St.3d 374, 380. When an ordinance is challenged as unconstitutionally vague, the reviewing court must determine "whether the enactment (1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement." Perez v.Cleveland (1997), 78 Ohio St.3d 376, 378. In order to establish a statute as unconstitutionally vague, the challenging party must show that the statute forbids or requires the doing of an act in terms so vague "that men of common intelligence must necessarily guess at its meaning and differ as to its application." Rowland, 67 Ohio St.3d at 383, quotingState v. Diana (1976), 48 Ohio St.2d 199, 203, and Connally v. GeneralConstr. Co. (1926), 269 U.S. 385, 391, 70 L.Ed. 322, 328, see, also,State v. Anderson (1991), 57 Ohio St.3d 168, 171.
Cord argues that Akron City Code 72.24(B) is unconstitutionally vague. We disagree. The ordinance directs people to make a right turn into a driveway from a public street "as close as practicable to the right-hand curb or edge of the roadway." Akron City Code 72.24(B)(1). As applied to the facts of this case, Cord made a right turn and left enough space for a full size truck to fit between Cord and the right curb. We have previously reviewed a similar ordinance with the language "as close as practicable" and found "making a right turn from the extreme left hand side of the lane, far enough from the right-hand curb that another vehicle could pass by, * * * clearly was not `as close as practicable' to the right-hand curb of the roadway." Bard, Summit App. No. 17931, unreported, at 5.
We find that the challenged ordinance is not unconstitutionally vague because it gave Cord sufficient notice that his conduct was outside the acceptable range. Accordingly, we find that Cord's fourth assignment of error is overruled.
 V.
Judgment entry of conviction is modified to reflect that Cord was found guilty of an improper right turn, a violation of Akron City Code 72.24(B).[4] See, State v. Hardy (Apr. 26, 2000), Summit App. No. 19503, unreported, at 5-6. Having overruled all four assignments of error, the judgment of the trial court is affirmed, as modified.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Municipal Court of Akron, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., CARR, J., CONCUR
[1] Magistrate Vassel suspended $30.00 of the fine.
[2] The trial court issued a final appealable order on April 13, 2000, finding Cord guilty of Akron City Code 72.214(B). We note that the correct section number is 72.24(B).
[3] We note that Cord's brief does not conform to App.R. 12(A)(2) or Local App.R. 7(A)(6) requiring "[e]ach assignment of error shall be separately discussed."
[4] The April 13, 2000 judgment entry of the trial court states that Cord was convicted of Akron City Code 72.214(B). We note the judgment entry is incorrect because the correct section of the Akron City Code is 72.24(B).