DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On February 11, 2000, the Summit County Court of Common Pleas convicted appellant, Kevin James Wright ("Wright"), of three counts of compelling prostitution, three counts of importuning, and public indecency. Wright appeals his conviction. We affirm in part and reverse in part.
 I.
On December 12, 1999, Wright drove along side three young girls who were walking down the street. Wright asked for directions and if the girls knew where he could get some "weed." His pants were pulled down to his thighs when he asked the girls if they wanted to make ten dollars to watch him. The three girls watched from his passenger side window while Wright masturbated. He then told the girls that he would give them twenty dollars if they touched him. None of the girls touched him. As the girls started to turn away he flicked a ten-dollar bill out of the open passenger window and one of the girls picked up the money.
The girls flagged down a police car and reported the incident to Detective Leonard. Officer Flaherty stopped Wright in response to a police report describing the vehicle. Two of the girls identified the car and Wright.
On December 20, 1999, Wright was indicted on three charges of compelling prostitution in violation of R.C. 2907.21(A)(2); three charges of importuning in violation of R.C. 2907.07(A) and (C) and public indecency in violation of R.C. 2907.09(A)(1). Wright waived his right to a jury trial and his case went to trial on February 7, 2000.
At trial, the witnesses included the three girls, Detective Leonard, Officer Flaherty and Wright. The trial court found Wright guilty of all seven charges and sentenced him to four years each for counts one through three, compelling prostitution; 180 days each for counts four and five, importuning; 30 days for count six, importuning; and 90 days for count seven, public indecency. The sentences were concurrent.
On February 15, 2000, the trial court adjudicated Wright a habitual sexual offender. Wright timely appeals his conviction to this court.
 II.
Assignment of Error No. 1:
 THAT THE DEFENDANT-APPELLANT WAS CONVICTED BY THE TRIAL COURT ON EVIDENCE THAT WAS INSUFFICIENT AS A MATTER OF LAW.
Assignment of Error No. 2:
 DUE PROCESS IS DENIED AN ACCUSED WHERE THE CONVICTION HAS BEEN OBTAINED UPON EVIDENCE INSUFFICIENT AS A MATTER OF LAW.
Wright's two assignments of error are related and will be discussed together. In his two assignments of error, Wright argues that the state failed to present sufficient evidence to support his conviction of compelling prostitution and importuning[1] in violation of his due process rights.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." In reviewing the denial of a motion for acquittal, this court must construe the evidence in a light most favorable to the state. State v. Messer (1995), 107 Ohio App.3d 51,54. A motion for judgment of acquittal is properly denied "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Gasser (1993), 89 Ohio App.3d 544, 547, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
 A. Compelling Prostitution
R.C. 2907.21(A)(2) states that "[n]o person shall knowingly do any of the following: * * * (2) Induce, procure, solicit, request, or otherwise facilitate a minor to engage in sexual activity for hire, whether or not the offender knows the age of the minor." Sexual activity is defined as either sexual conduct or sexual contact. R.C. 2907.01(C). "`Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region * * * for the purpose of sexually arousing or gratifying either person." R.C.2907.01(B).
At trial, the girls stated their ages as thirteen, eleven and nine. All three girls testified that after Wright masturbated in front of them he asked if they wanted to earn twenty dollars by touching him. Each girl testified that they believed that Wright was asking them to touch his genitals, which they described as his "private parts."
We find that the request to touch him in exchange for money meets the definition of soliciting or requesting a minor to engage in sexual contact for hire. See R.C. 2907.01(B); 2907.21(A)(2). Accordingly, there was sufficient evidence to support counts one through three for compelling prostitution.
 B. Importuning
Wright was convicted of three counts of importuning, counts four and five under R.C. 2907.07(A) and count six under R.C. 2907.07(C). R.C.2907.07 states:
 (A) No person shall solicit a person under thirteen years of age to engage in sexual activity with the offender, whether or not the offender knows the age of such person.
* * *
 (C) No person shall solicit another, not the spouse of the offender, to engage in sexual conduct with the offender, when the offender is eighteen years of age or older and four or more years older than the other person, and the other person is over twelve but not over fifteen years of age, whether or not the offender knows the age of the other person.
We begin with counts four and five, importuning in violation of R.C.2907.07(A). We have already determined that there was sufficient evidence that Wright solicited the girls to touch him, which meets the definition of sexual contact under sexual activity. At trial, two of the girls testified that they were under the age of thirteen. We find there was sufficient evidence to support a conviction of the two counts of importuning under section R.C. 2907.07(A).
Next we turn to count six, importuning in violation of R.C 2907.07(C). Under section (A) the offender must solicit the person to "engage in sexual activity," while section (C) requires the offender to solicit another to "engage in sexual conduct." Sexual conduct is defined in R.C.2907.01(A) as:
 vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
R.C. 2907.01(A).
At trial, there was no testimony that Wright solicited sexual conduct. The girls testified that Wright was seated in his car with his pants pulled down. Wright offered them ten dollars to watch him masturbate and twenty dollars to touch him. Neither of those offers meets the definition of sexual conduct. Therefore, the state did not present sufficient evidence to establish the elements of importuning under R.C.2907.07(C).
After viewing all the evidence in a light most favorable to the prosecution, as we are required to do when considering a question of sufficiency, we conclude a rational trier of fact could have found the essential elements of counts one through three of compelling prostitution and counts four and five of importuning in violation of R.C. 2907.07(A). However, we find that a trier of fact could not have found the essential elements of count six, importuning in violation of R.C. 2907.07(C).
We sustain Wright's assignments of error as they relate to count six and reverse the judgment of the trial court on that count. We overrule Wright's assignments of error as they relate to counts one through five and affirm the judgment of the trial court on those counts.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to the parties equally.
Exceptions.
___________________________ WILLIAM R. BAIRD
CARR, J., WHITMORE, J., CONCUR.
[1] We note that Wright does not challenge his conviction for public indecency.